| | | |
|---|---|---|
| GARRISON J. CALDWELL, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 1:24-CV-389 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| STEEL WAREHOUSE OF | ) | |
| CHATTANOOGA, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM & ORDER

This matter is before the Court on a report and recommendation (the "R&R") by United States Magistrate Judge Christopher H. Steger (Doc. 17) and a motion by *pro se* Plaintiff, Garrison J. Caldwell, for the appointment of counsel (Doc. 14).

The R&R reports that Plaintiff's complaint states "a viable claim for race employment discrimination" and recommends the case proceed past the screening stage. (*See* Doc. 17 at 4.) Defendants have made a timely objection. (Doc. 19.) They argue the R&R fails to consider whether Plaintiff has alleged or demonstrated administrative exhaustion of his claims. (*Id.* at 2.)

In resolving objections to a report and recommendation, a district judge may "return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court accordingly **RETURNS** this matter to the Magistrate Judge with instructions to consider the effect of any alleged failure to allege or demonstrate administrative exhaustion on the required screening of Plaintiff's complaint.

The Court turns next to Plaintiff's motion to appoint counsel (Doc. 14). Plaintiff argues that he needs counsel but is not able to afford an attorney. (*Id.* at 1.) Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional

circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court may consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 606.

As to the first two factors, this is a complaint for racial discrimination in employment. None of the claims appear to be factually or legally complex. And as to the third factor, it is apparent that Plaintiff can adequately present his claims. In fact, the Magistrate Judge has found the allegations in Plaintiff's *pro se* complaint state "a viable claim for race employment discrimination." (*See* Doc. 17 at 4.) The Court's return of this case to the Magistrate Judge to consider the effect of a possible prerequisite to Plaintiff's suit does not undermine the conclusion that Plaintiff has the ability to present any claims he may have. Thus, Plaintiff has not established that this is an exceptional case which justifies the Court in appointing him counsel. Plaintiff's motion to appoint counsel (Doc. 14) is **DENIED**.

Finally, Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party "to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently." E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address will result in the dismissal of this action.

**SO ORDERED**.

**ENTER**:

2

3

/s/\
**CURTIS L. COLLIER**\
**UNITED STATES DISTRICT JUDGE**