UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| GARRISON J. CALDWELL, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 1:24-CV-389 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| STEEL WAREHOUSE OF CHATTANOOGA, *et al.*, | ) | |
| | ) | |
| | ) | |
| *Defendants*. | ) | |

# MEMORANDUM & ORDER

This matter is before the Court on two reports and recommendations (the "R&Rs") by United States Magistrate Judge Christopher H. Steger. (Docs. 17, 24.)

The first R&R reports that Plaintiff's complaint states "a viable claim for race employment discrimination" and recommends the case proceed past the screening stage. (*See* Doc. 17 at 4.) Defendants made a timely objection, arguing the first R&R fails to consider whether Plaintiff has alleged or demonstrated administrative exhaustion of his claims. (Doc. 19.)

The Court returned the matter to the Magistrate Judge on August 4, 2026, with instructions to consider the effect of any alleged failure of administrative exhaustion on the screening of Plaintiff's complaint. (Doc. 22.) Plaintiff, who is representing himself, responded to Defendants' objections on August 14, 2026, including a discussion of his efforts to obtain counsel.[1] (Doc. 23.)

[1] Plaintiff's filing also discusses his various addresses. (Doc. 23 at 1.) This part of Plaintiff's filing appears to be prompted by the Court's instruction to inform the Court and Defendants of any change in Plaintiff's address. (*See* Doc. 22 at 2.) The obligation to inform the Court of any address change is included in Local Rule 83.13, which specifically deals with the obligations of parties who are not represented by counsel. E.D. Tenn. L.R. 83.13. Plaintiff must familiarize himself with this and all relevant local rules, available at https://www.tned.uscourts.gov/sites/tned/files/localrules.pdf; the Federal Rules of Civil Procedure, which are publicly available through libraries and on various internet sites; and the judicial preferences of the undersigned, available at https://www.tned.uscourts.gov/content/curtis-

On August 14, 2026, the Magistrate Judge issued the second R&R, recommending that the Court not dismiss Plaintiff's claim because failure of administrative exhaustion is an affirmative defense. (Doc. 24.) The time for the parties to object to the second R&R has passed and no party has filed an objection. *See* Fed. R. Civ. P. 72(b)(2), 7(d).

After reviewing the record, the Court agrees with the R&Rs (Docs. 17, 24). For the reasons set out in the second R&R (Doc. 24), the Court **OVERRULES** Defendants' objection (Doc. 19) to the first R&R (Doc. 17). The Court **ACCEPTS** and **ADOPTS** both R&Rs (Docs. 17, 24).

The Clerk of Court is **DIRECTED** to send Plaintiff service packets (a blank summons and USM-285 form) for Defendants. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within **twenty-one (21) days** of issuance of this Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Service on Defendants shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective. Plaintiff is **WARNED** that if he fails to timely return the completed service packets, this action will be dismissed.

Defendants shall answer or otherwise respond to the complaint within **twenty-one (21) days** from their respective dates of service. If Defendants fails to timely respond to the complaint, it may result in entry of judgment by default against them.

Finally, Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party "to promptly notify the Clerk and the other parties to the proceedings of any

---

l-collier-senior-united-states-district-judge. The Court will continue its standard practice of periodically reminding Plaintiff of his obligation under Local Rule 83.13. This reminder does not require any action from Plaintiff unless his address for receiving service of case filings has in fact changed and he has not yet informed the Court and Defendants of the change.

change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently." E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address will result in the dismissal of this action.

**SO ORDERED**.

**ENTER**:

**/s/______________________________**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**